F I L E D
United States Court of Appeals
Tenth Circuit

SEP 2 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIAM A. KILPATRICK,

Defendant-Appellant.

No. 96-1333
(D.C. No. 96-Z-542)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN, and EBEL, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant William A. Kilpatrick appeals the district court's denial of his 28 U.S.C. § 2255 motion seeking relief from his convictions for conspiracy, mail

---

[*]   This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

fraud, wire fraud, and obstruction of justice, all stemming from a penny stock manipulation scheme involving defendant's company, United Financial Operations, Inc. (UFO). On appeal, defendant argues that the district court erred in denying his claims alleging the ineffectiveness of his trial counsel without an evidentiary hearing.[1] See generally United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir. 1995) (ineffective assistance claims should be asserted in § 2255 motion).

The district court need not conduct an evidentiary hearing if "the [§ 2255] motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Thus, we first determine whether defendant's allegations, if proven, would entitle him to relief and, if so, whether the district court abused its discretion in denying an evidentiary hearing. See United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996).

Defendant is entitled to § 2255 relief on his ineffective assistance claims only if he can establish both that his trial attorney's representation was deficient and that the deficiency prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). We review ineffective assistance claims de novo. See

---

[1]    The Supreme Court recently held in Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997), that the new provisions of chapter 153 of the Antiterrorism and Effective Death Penalty Act (Act) generally do not apply to cases such as this one filed prior to the Act's effective date. Defendant, therefore, does not need to obtain a certificate of appealability to pursue this appeal.

United States v. Prows, 118 F.3d 686, 691 (10th Cir. 1997). Because we conclude that defendant has failed to allege any claim which, if proven, would entitle him to § 2255 relief, we affirm the district court's decision.

On appeal, defendant asserts that his trial counsel was constitutionally ineffective in failing to (1) prepare defendant to testify; (2) object to the prosecutor's improper cross-examination of defendant; (3) object to hearsay testimony relating to a conspiracy other than the one charged in this case; (4) request a pretrial hearing on the expected testimony of defendant's co-conspirators in order to familiarize himself with the prosecution's case and to prepare for cross-examination of those witnesses; and (5) elicit exculpatory testimony from two prosecution witnesses, Steve Oliver and Makund Gangwal. Liberally construing defendant's pro se § 2255 motion, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we do not address his second and fourth appellate arguments because he failed to raise those issues in the district court, and they do not present any manifest error. See Sac & Fox Nation v. Hanson, 47 F.3d 1061, 1063 (10th Cir.) (absent manifest error, this court will not review issue raised for first time on appeal), cert. denied, 116 S. Ct. 57 (1995); see also United States v. Dixon, 1 F.3d 1080, 1082 n.2 (10th Cir. 1993) (§ 2255 motion).

On defendant's first argument, our review of the trial record satisfies us that trial counsel's preparation and presentation of defendant's testimony did not

fall below an objective standard of reasonableness.  See Strickland, 466 U.S. at 688; see also Andrews v. Deland, 943 F.2d 1162, 1193-94 (10th Cir. 1991).

With respect to defendant's third argument, he has failed to allege with sufficient specificity the  hearsay testimony, relating to another alleged stock manipulation conspiracy between defendant and the same people involved in this UFO scheme, see Fed. R. Evid. 404(b), to which defense counsel should have objected.  See Hatch v. Oklahoma, 58 F.3d 1447, 1457 (10th Cir. 1995) (allegations of counsel's ineffective assistance must be specific and particularized; conclusory allegations will not warrant hearing), cert. denied, 116 S. Ct. 1881 (1996).  In any event, the record includes sufficient evidence establishing the existence of that similar conspiracy to support the admissibility of co-conspirators' statements under Fed. R. Evid. 801(d)(2)(E).  See United States v. Sinclair, 109 F.3d 1527, 1533 (10th Cir. 1997) (although there is strong preference for trial court to determine admissibility of alleged co-conspirator statements in hearing outside presence of jury, there may be cases where evidence establishing admissibility under Rule 801(d)(2)(E) is without doubt, unimpeachable and uncontroverted so that no credibility or factual determination is required).

Our response to defendant's final argument is that he has failed to allege any prejudice suffered from counsel's purportedly deficient cross-examination of

Steve Oliver.  See Strickland, 466 U.S. at 697 (court need not determine whether counsel's performance was deficient before examining whether defendant was prejudiced by alleged deficiencies).  Defendant asserts that defense counsel should have elicited testimony from Oliver explaining that the audit he performed was for UFO's fiscal year 1987, which ended on July 31 of that year, and that UFO's financial condition had improved by December 1987.  Defense counsel did elicit testimony tending to establish that UFO's fiscal year ended in July.  See 6 R. 41-43.  Further, the record contained overwhelming evidence that defendant's company remained in very poor financial condition at the end of 1987.

Defendant argues that defense counsel should have cross-examined Makund Gangwal, UFO's bookkeeper, concerning a number of documents he signed as UFO's chief financial officer during his employment.  Defendant, however, failed to allege with specificity what documents Gangwal signed as UFO's chief financial officer, other than the SEC filing underlying count ten of the indictment. See Hatch, 58 F.3d at 1457; see also Church v. Sullivan, 942 F.2d 1501, 1513 (10th Cir. 1991) (defendant bears burden of establishing how more extensive cross-examination would have changed outcome of trial); United States v. Taylor, 832 F.2d 1187, 1198-99 (10th Cir. 1987) (rejecting ineffective assistance claim where defendant failed to come forward with documents that he claimed would exonerate him).

Because defendant has failed to allege any claim which, if proven, would entitle him to relief, the district court did not abuse its discretion in denying the § 2255 motion without conducting an evidentiary hearing.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge