UNITED STATES of America,
Plaintiff–Appellee,

v.

Lewis Nathaniel DIXON,
Defendant–Appellant.

No. 92–1111.

United States Court of Appeals,
Tenth Circuit.

Aug. 2, 1993.

Michael J. Norton, U.S. Atty., and John M. Hutchins, Asst. U.S. Atty., Mountain States Drug Task Force, Denver, CO, for plaintiff-appellee.

Lewis Nathaniel Dixon, pro se.

* Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation.

** After examining the briefs and appellate record, this panel has determined unanimously that oral

Before ANDERSON and EBEL, Circuit Judges, and BRIMMER,* District Judge.**

EBEL, Circuit Judge.

Defendant Lewis Nathaniel Dixon filed a pro se motion for relief under 28 U.S.C. § 2255, claiming that the district court erred at trial when it denied his motion to suppress evidence allegedly obtained from an unlawful search and seizure, and that he was denied effective assistance of counsel on appeal because counsel failed to raise the suppression issue. The district court denied the motion. We affirm.

On December 5, 1989, federal Drug Enforcement Administration ("DEA") agents arrested the defendant at his home. The defendant was indicted and charged with conspiracy to possess with intent to distribute cocaine, and possessing and aiding and abetting the possession with intent to distribute cocaine. 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 2. On the same day DEA agents seized a Chevrolet Blazer automobile that the defendant had driven to two meetings where an undercover agent purchased cocaine. The Blazer was seized at an apartment parking lot several miles from the defendant's home. The Blazer was seized for purposes of instituting a civil forfeiture proceeding pursuant to 21 U.S.C. § 881, and the defendant was given Notices of Seizure and Conveyance of both the vehicle and the cellular phone because of their involvement in a drug related offense. At the time the vehicle was seized the officers conducted an inventory search during which they found only an address book.

After determining that the Blazer was leased and that a large amount of money was still owed on the lease, the DEA decided not to pursue a forfeiture action on the vehicle. Instead, the DEA planned to return the vehicle to the lessor, GMAC. However, the DEA did decide to proceed with a civil forfeiture proceedings on the cellular phone that had been installed in the vehicle. The DEA

argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

transported the vehicle to a garage operated by Motorola so that the cellular phone could be removed. Motorola was under contract with the government to perform such work. A Motorola technician removed the cellular telephone and, in the course of removing the dashboard to access phone wires, found a package of cocaine weighing over a pound. At no time did the DEA officers obtain any warrant or court authorization to search or seize either the vehicle or the cellular phone.[1]

Upon discovery of the cocaine in the defendant's vehicle, a superseding indictment based on the cocaine found in the Blazer was filed against the defendant. The defendant filed a motion to suppress the cocaine found in the Blazer; however, the district court denied the motion. A jury found the defendant guilty of one count of conspiracy to possess cocaine with the intent to distribute, and six counts of possession of cocaine with intent to distribute. The defendant was sentenced to 121 months imprisonment, a $25,000 fine, and three years' supervised release.

After his conviction, the defendant's attorney perfected a direct criminal appeal to this court, but the trial court's denial of the defendant's motion to suppress was not raised in that appeal. Defendant's convictions were affirmed on direct appeal. *United States v. Dixon,* 945 F.2d 411 (10th Cir.1991).

The defendant claims in this habeas proceeding that the trial judge erred in refusing to suppress the cocaine found in the Blazer and that he was denied effective assistance of counsel in his direct appeal because his counsel failed to raise the suppression issue. The district court dismissed the defendant's habeas action on the grounds that probable cause existed to seize both the defendant's car and cellular telephone, that the cocaine discovery was inadvertent, and that the defendant failed to show that his appellate counsel's conduct fell below the standards of objectively reasonable representation.

Although the defendant's Fourth Amendment claim concerning the denial of the motion to suppress could properly have been raised on direct appeal, it was not. Accordingly, collateral review is appropriate only if the defendant has shown good cause for the failure to raise the issue, and prejudice as a result. *Hines v. United States,* 971 F.2d 506, 507–09 (10th Cir.1992); *see United States v. Khan,* 835 F.2d 749, 753–54 (10th Cir.1987) *cert. denied,* 487 U.S. 1222, 108 S.Ct. 2881, 101 L.Ed.2d 915 (1988); *cf. United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982) (holding that defendant must show cause and prejudice to obtain collateral review where there was no objection at trial). Whether the defendant has shown good cause and prejudice depends on the validity of his ineffective appellate counsel claim.

■■■ In his habeas petition, and in his reply brief before this court,[2] the defendant makes a Sixth Amendment claim concerning the ineffective assistance of appellate coun-

---

1. The parties do not dispute that the Blazer was seized pursuant to 21 U.S.C. § 881. *See, e.g.,* Aplt's Br. at 7; Aplee's Br. at 6.

     According to 21 U.S.C. § 881(b) seizure without process may be made when:

     (1) the seizure is incident to an arrest or a search under a search warrant or an inspection under an administrative inspection warrant;

     (2) the property subject to seizure has been the subject of a prior judgment in favor of the United States in a criminal injunction or forfeiture proceeding under this subchapter;

     (3) the Attorney General has probable cause to believe that the property is directly or indirectly dangerous to health or safety; or

     (4) the Attorney General has probable cause to believe that the property has been used or is intended to be used in violation of this subchapter.

2. On appeal, the defendant did not raise the claim of ineffective assistance of counsel until his reply brief, although he raised the issue in the district court. Construing defendant's pleadings liberally, *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), we will consider the merits of his claim because the issue was preserved by having been raised below.

     Defendant also attempts to raise a *Brady* claim alleging the government failed to release exculpatory records for the Blazer's cellular telephone prior to trial. *See Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963). In the district court, defendant did not claim the records would establish his innocence. Because that issue was not raised in the district court, we decline to address this argument for the first time on appeal. *See Hicks v. Gates Rubber Co.,* 928 F.2d 966, 970 (10th Cir.1991).

sel.[3] He asserts that he was denied the effective assistance of counsel because his counsel failed to raise the suppression issue on direct appeal. Under *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), to prevail on a claim of ineffective assistance of counsel, the defendant must establish both that (1) the attorney's conduct fell below the standards of objectively reasonable representation required by the Sixth Amendment, and (2) the attorney's inadequate performance prejudiced the defendant. Because the defendant's Sixth Amendment claim concerns counsel's handling of his Fourth Amendment claim, the defendant "must prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different, absent the excludable evidence, to demonstrate actual prejudice." *United States v. Owens,* 882 F.2d 1493, 1498 (10th Cir.1989) (citing *Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 2583, 91 L.Ed.2d 305 (1986)).[4]

■ The ultimate issue presented by the defendant's petition then is whether the defendant has presented a valid Fourth Amendment claim.[5] The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const.Amd. IV. Under the Fourth Amendment, a warrantless search is invalid, and the fruits of the search are inadmissible at trial, unless the search falls within one of the generally accepted exceptions to the warrant requirement. *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967); *United States v. Franco,* 981 F.2d 470, 472 (10th Cir.1992).

The Tenth Circuit is aligned with those circuits that have held that the government's attempts to seize property under the civil forfeiture statute, 21 U.S.C. § 881 *et seq,* must comport with constitutional standards under the Fourth Amendment. *United States v. $149,442.43 in U.S. Currency,* 965 F.2d 868, 872 (10th Cir.1992) ("Although forfeiture proceedings are inherently civil in nature, they are not to be effectuated in derogation of one's constitutional rights.... Thus, any defects in process used to secure the possession of defendant property may defeat the government's right to possession, inasmuch as the government will be barred from introducing evidence illegally seized in violation of the Fourth Amendment to prove a claim of forfeiture.") (citations omitted); *see United States v. Lasanta,* 978 F.2d 1300, 1304–05 (2d Cir.1992); *United States v. Linn,* 880 F.2d 209, 215 (9th Cir.1989); *United States v. Kemp,* 690 F.2d 397, 401 (4th Cir.1982); *United States v. Pappas,* 613 F.2d 324, 329–30 (1st Cir.1979) (en banc).

In this case, the defendant raised a Fourth Amendment objection at trial and the court heard testimony regarding the nature of the search. It is undisputed that the seizure of the car and cellular phone was made without a warrant or other court authorization. The officers testifying at trial relied on the fact that they had probable cause to believe that the Blazer had been used in drug transactions, implicitly relying on 21 U.S.C. § 881. Although the trial court ultimately denied the defendant's motion to suppress the cocaine found in the Blazer, it is not clear from the record before us on what basis the trial court made its decision.[6]

3. Collateral attack under § 2255 is the preferred procedure for challenging the effectiveness of counsel in a federal criminal appeal. *Beaulieu v. United States,* 930 F.2d 805, 806 (10th Cir.1991).

4. We have no doubt that the verdict would have been different absent the cocaine found in the vehicle. Those drugs were the subject of an independent charge upon which the defendant was convicted. As such, if the cocaine should have been suppressed, but was not, the defendant was clearly prejudiced.

5. We do not mean to suggest that counsel's conduct falls below an objectively reasonable stan-

dard whenever he fails to raise a claim which is ultimately determined to have had merit. We express no opinion on that issue here because we find that the defendant's claim is without merit. Failure to raise an issue that is determined not to have merit does not constitute constitutionally ineffective assistance of counsel.

6. The court made an oral ruling as follows: "I am prepared to rule. The court in all probability will stand on this ruling. The Motion to Suppress will be denied. The Court finds that the warrantless seizure of the car was proper. That the contents—there is no constitutional or other

■ The district court below, in considering this § 2255 petition, found that probable cause existed to seize both the defendant's car and cellular telephone, but that is insufficient to resolve the constitutional issue.[7] The mere finding that probable cause existed for the Attorney General to conclude that the car and phone had been used pursuant to a drug crime is insufficient to justify a warrantless search. It is necessary to determine whether there is a valid, recognized exception to the warrant requirement that authorized this seizure. Here we conclude that the record clearly shows that the car and the cocaine fell within the plain view exception to the warrant requirement. Thus, we conclude that the district court did not err in admitting the evidence found in the vehicle.[8]

■ The initial seizure of the vehicle was justified under the plain view exception to the warrant requirement. Under the plain view exception, the incriminating character of the object must be readily apparent, the officers must have had lawful access to the object, and it must have been in plain view. *Horton v. California*, 496 U.S. 128, 136–37, 110 S.Ct. 2301, 2307–08, 110 L.Ed.2d 112 (1990); *United States v. Matthews*, 942 F.2d 779, 783 (10th Cir.1991). In the instant case, the DEA agents were lawfully present in the parking lot where the vehicle was seized, they had probable cause to believe that the vehicle had been used in drug transactions, and the vehicle was in plain view. As such the warrantless seizure was justified. *Cf. G.M. Leasing Corp. v. United States*, 429 U.S. 338, 351–52, 97 S.Ct. 619, 628, 50 L.Ed.2d 530 (1977) (holding that warrantless seizure of automobile pursuant to tax levy from public area did not involve invasion of privacy).

■ The discovery of the cocaine was also justified under the plain view exception to the warrant requirement. Because the vehicle was lawfully seized, so were all of its contents. When the DEA decided not to proceed with the forfeiture of the car, but to continue forfeiture proceedings against the cellular phone, it was necessary to remove the phone from the car. The technician was lawfully extracting the phone,[9] which the police had probable cause to believe had been used in drug transactions,[10] and in doing so, came across the cocaine in plain view. Accordingly, the discovery of the cocaine did not violate the defendant's Fourth Amendment rights. *Cf. Cooper v. California*, 386 U.S. 58, 61, 87 S.Ct. 788, 791, 17 L.Ed.2d 730 (1967) (upholding search of automobile following seizure pursuant to forfeiture proceedings where "reason for and nature of the custody may constitutionally justify the search").

In sum, we conclude that the trial court did not err when it refused to suppress the cocaine found in the defendant's vehicle. Because we find no merit in the defendant's Fourth Amendment claim, his Sixth Amendment claim fails as well. Accordingly, we conclude that the district court properly denied the defendant's position, and the order of the district court is AFFIRMED.

impediment toward the apprehension of the cocaine."

7. It is sufficient to satisfy the statutory requirements of 21 U.S.C. § 881(b)(4).

8. We note that we are authorized to affirm on any grounds that are supported on the record. *Colorado Flying Academy, Inc. v. United States*, 724 F.2d 871, 880 (10th Cir.1984), *cert. denied*, 476 U.S. 1182, 106 S.Ct. 2915, 91 L.Ed.2d 544 (1986).

9. We assume for purposes of this analysis, without deciding the issue, that the Motorola technician, who was acting under contract with the DEA, was an agent of the DEA for purposes of the Fourth Amendment.

10. We conclude that the record supports the finding that the DEA had probable cause to believe that the phone had been used in the course and furtherance of drug transactions.