# UNITED STATES COURT OF APPEALS

**Filed 4/22/96**

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILL FULCHER,

    Defendant - Appellant.

No. 95-3292
(D.C. No. 95-CV-3272)
(KANSAS)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, **McKAY** and **LUCERO**, Circuit Judges.

---

Petitioner, a federal prisoner, appeals the denial of his 28 U.S.C. § 2255 motion to vacate, correct, or set aside his sentence. We affirm.

In 1994, petitioner pled guilty to conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846. He was sentenced to the mandatory minimum of five years imprisonment, with four years of supervised release. As grounds for his § 2255 motion, petitioner argued that his attorney rendered ineffective assistance at the sentencing by not

---

[*]At the parties' request, this case is unanimously ordered submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

having the alleged cocaine base independently tested and by not arguing that cocaine and cocaine base are the same substance. But for his attorney's ineffectiveness, petitioner asserts, he would have received reduced terms of imprisonment and supervised release, applicable to cocaine offenses.

The government responded that lab tests revealed that petitioner, in fact, distributed cocaine base, not cocaine. The government also urged the district court to reject petitioner's challenge to the disparate sentences for cocaine and cocaine base because such challenges have been repeatedly rejected by the Tenth Circuit. The district court denied petitioner's § 2255 motion "[f]or the reasons stated in the government's response." Petitioner asked the district court to reconsider its ruling and filed a traverse to the government's response. The court denied the motion for reconsideration, noting that defendant had admitted to distributing cocaine base when he pled guilty and concluding that petitioner had not shown that his attorney rendered constitutionally ineffective assistance of counsel.

On appeal, petitioner complains that the district court denied him due process by denying his § 2255 motion before he had an opportunity to file his traverse to the government's response. Petitioner also reiterates his challenge to the enhanced penalties for cocaine base, arguing that cocaine and cocaine base are the same substance. The government disputes the alleged due process violation and argues that petitioner is

procedurally barred from raising any claim other than ineffective assistance of counsel because he failed to file a direct appeal.

Petitioner is procedurally barred from raising sentencing errors that he did not raise on direct appeal. However, the procedural bar rule of United States v. Frady, 456 U.S. 152 (1982), does not apply to ineffective assistance of counsel claims raised for the first time in a § 2255 motion. United States v. Galloway, 56 F.3d 1239, 1241 (10th Cir. 1995) (en banc).

We agree with the district court that petitioner has not shown ineffective assistance of counsel. Ineffective assistance of counsel requires proof that the attorney's performance fell below an objective standard of reasonableness and that petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). If the issue the attorney failed to raise lacks merit, the attorney's "failure to raise it 'does not constitute constitutionally ineffective assistance of counsel.'" United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995) (quoting United States v. Dixon, 1 F.3d 1080, 1083 n.5 (10th Cir. 1993)).

We do not turn a deaf ear to petitioner's claims that his attorney should have raised questions of disparity regarding his sentence for cocaine base. Counsel, however, was faced with a solid wall of circuit precedent rejecting such claims. See United States v. Angulo-Lopez, 7 F.3d 1506, 1509 (10th Cir. 1993), cert. denied, 114 S. Ct. 1563 (1994); United States v. Thurmond, 7 F.3d 947, 951 (10th Cir. 1993), cert. denied, 114 S. Ct.

1311 (1994); <u>United States v. Easter</u>, 981 F.2d 1549, 1558 (10th Cir. 1992), <u>cert. denied</u>, 113 S. Ct. 2448 (1993); <u>United States v. Robinson</u>, 978 F.2d 1554, 1565 (10th Cir. 1992), <u>cert. denied</u>, 113 S. Ct. 1855 (1993). Petitioner's attorney was not constitutionally ineffective for failing to raise arguments that have been rejected by this circuit.

We have considered petitioner's due process claim. However, it is clear from the district court's order denying the motion for reconsideration that the district court considered petitioner's traverse to the government's response. We find no due process violation.

Affirmed. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero

Circuit Judge