**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 3 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN MICHAEL GRIFFIN,

Defendant-Appellant.

No. 97-5045
(D.C. No. 96-CV-529-B
& 89-CR-97-2-B)
(N. Dist. Okla.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.

John Michael Griffin entered a conditional guilty plea to one count of possessing over 500 grams of cocaine with intent to distribute and was sentenced to 84 months in prison. He filed a direct appeal which was dismissed in light of his escape from custody. He subsequently brought this pro se motion for

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

collateral relief, which the district court denied.

Mr. Griffin's conviction stems from the traffic stop of a car for speeding. The vehicle had been rented by Mr. Griffin's common-law wife in California, and was being driven by codefendant Michael Roper, Jr. Mr. Griffin and codefendant Robert Edward Burke were passengers in the automobile. None of the defendants were authorized by the rental agreement to drive the car and Mr. Griffin's driver's license had been suspended. All of the defendants gave consent to search the car, and the search revealed a kilo of cocaine hidden in two packets in the back panels of the front seats.

In this appeal, Mr. Griffin contends: (1) his retained counsel was ineffective in refusing to investigate Mr. Griffin's alleged defense of duress and that as a result of this failure his sentence was improperly enhanced two levels under U.S.S.G. § 3B1.1(c) for his role as a leader or organizer; (2) his counsel required him to acknowledge ownership of the drug so as to have standing to pursue the motion to suppress without telling him that he would therefore be compelled to plead guilty; (3) his counsel was ineffective in failing to assert at the suppression hearing that the rental car was stolen because it had been driven outside California in violation of the rental agreement; (4) his counsel was ineffective in failing to object to the use of a codefendant's letters at sentencing; and (5) he should have received an evidentiary hearing. Mr. Griffin requests as

relief that his two-level enhancement under section 3B1.1(c) be removed and that he be given a two-level downward adjustment for acceptance of responsibility. Significantly, Mr. Griffin does not request that his guilty plea be vacated so that he can proceed to trial.

Mr. Griffin contends his counsel was ineffective in refusing to pursue a defense of duress and in deciding instead to attempt to get the evidence suppressed. In light of the nature of the duress defense as described by Mr. Griffin, we agree with the district court that counsel's decision to challenge the legality of the search through a conditional plea agreement rather than proceed to trial was a tactical decision that did not fall below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Moreover, a defendant who challenges the validity of a guilty plea on the basis of ineffective counsel "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Mr. Griffin does not allege on appeal that he would not have pled guilty if his counsel had pursued the duress defense; indeed Mr. Griffin does not ask that his plea be set aside and seeks only an adjustment of his sentence. Accordingly, he has failed to allege the prejudice necessary to satisfy the second prong of Strickland and the district court correctly rejected the claim without an evidentiary hearing. See Hill, 474 U.S. at

60.

Next, Mr. Griffin claims that his guilty plea was not knowing and voluntary because his counsel did not tell him that accepting ownership of the cocaine in order to pursue the suppression motion would compel him to plead guilty. However, "[t]here is no possibility of self-incrimination from admitting ownership of seized goods or otherwise testifying to establish an expectation of privacy in support of a motion to suppress since such testimony may not be admitted as evidence of guilt at trial." United States v. Erwin, 875 F.2d 268, 271 n.3 (10th Cir. 1989). Since the allegation underlying this ineffectiveness claim is without merit, the "Sixth Amendment claim fails as well." United States v. Dixon, 1 F.3d 1080, 1084 (10th Cir. 1993).

Mr. Griffin also claims his counsel's failure to develop the duress defense somehow played a role in his two-level sentence enhancement under section 3B1.1(c). That section requires a two-level increase if the defendant was a leader, organizer, manager, or supervisor of criminal activity that did not involve five or more people and was not otherwise extensive. We agree with the district court's assessment that any argument against the application of the enhancement would not have been successful since Mr. Griffin admitted paying or agreeing to pay his codefendants to help him drive across the country with the cocaine.

We have fully reviewed Mr. Griffin's other claims of ineffectiveness of

counsel and find them equally unpersuasive. In sum, we hold that Mr. Griffin's claims of incompetent counsel are without merit either because they rest on an incorrect view of the law or because Mr. Griffin has not shown that he was prejudiced as a result of his counsel's actions. Moreover, to the extent that the claims can be viewed as challenging the voluntariness of his plea, the record reveals that his counsel fully and completely explained the terms of the agreement to Mr. Griffin and that Mr. Griffin was made aware of the consequences of the plea.

The record in this case conclusively establishes that Mr. Griffin is not entitled to relief, and the district court did not err in refusing to hold an evidentiary hearing. 28 U.S.C. § 2255. Mr. Griffin has failed to demonstrate the denial of a constitutional right by showing the issues raised in his appeal are debatable among jurists; that a court could resolve the issues differently; or that the questions deserve further proceedings. The certificate of appealability is **DENIED** and the appeal is **DISMISSED**. 28 U.S.C. § 2253(c)(2); Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997)

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge