F I L E D
United States Court of Appeals
Tenth Circuit

FEB 16 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERALD MARSHAL PAYNE,

Defendant - Appellant.

No. 98-5145
(D. Ct. No. 97-CV-393-BU
& 94-CR-150-BU)
(N.D. Okla.)

---

**ORDER AND JUDGMENT***

---

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is from an order of the district court denying the motion to vacate, set aside, or correct defendant's sentence pursuant to 28 U.S.C. § 2255. In particular, defendant appeals the finding of the district court that he was not

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

denied effective assistance of counsel and that the remainder of his claims were procedurally barred.

Defendant was found guilty on nine counts of an indictment and sentenced to 420 months imprisonment. Defendant appealed the conviction and sentence relating to Counts III and VII of the original indictment charging him with armed car-jacking in violation of 18 U.S.C. §§ 2, 2119. This court affirmed the conviction and sentence in an order dated May 8, 1996.

In this § 2255 petition, defendant challenges his conviction and sentence as to all of the counts of the indictment. He argues that the conviction and sentence should be vacated on three grounds. First, defendant alleges that his counsel rendered ineffective assistance of counsel during trial and on appeal. Second, defendant argues that there was a double jeopardy violation because he was convicted and sentenced in state court for the same conduct for which he was convicted and sentenced in federal court. Finally, defendant alleges that his conviction and sentence were based upon improper jury instructions. The double jeopardy claim and the improper jury instruction claim were not raised in defendant's direct appeal. They therefore cannot be raised in this collateral proceeding in the absence of a showing of cause excusing the procedural default and a showing of actual prejudice resulting from the errors, or a showing that a fundamental miscarriage of justice will occur if the claims are not addressed. See

United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994).  The only claim defendant asserts in his § 2255 petition that may show cause sufficient to excuse his procedural default is that his appellate counsel rendered constitutionally ineffective assistance because he failed to raise issues on direct appeal.[1]

To establish a claim for ineffective assistance of counsel, defendant must show both that his counsel's performance was deficient and that this deficient performance prejudiced the outcome of the proceedings.  See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  In order to determine whether defendant's appellate counsel rendered ineffective assistance by failing to raise issues on direct appeal we, like the district court, must examine the merits of the omitted issues.  See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995).  "If the omitted issue[s are] without merit, counsel's failure to raise [them] 'does not constitute constitutionally ineffective assistance of counsel.'"  Id. at 393 (quoting United States v. Dixon, 1 F.3d 1080, 1084 (10th Cir. 1993)).  The omitted issues which form the basis of defendant's ineffective assistance of appellate counsel claim are his double jeopardy and improper jury instruction claims.

Defendant argues that appellate counsel should have raised a double

---

[1]Because defendant has not supplemented his § 2255 petition "with a colorable showing of factual innocence," Hickman v. Spears, 160 F.3d 1269, 1275 (10th Cir. 1998) (internal quotation marks and citation omitted), he cannot show that denying review of his procedurally defaulted claims will result in a miscarriage of justice.

jeopardy claim because the prosecutions in the state courts and the federal courts were for the same conduct. The prosecutions involved in this case were undertaken by separate sovereign governments and thus do not raise double jeopardy concerns. See United States v. Trammell, 133 F.3d 1343, 1349 (10th Cir. 1998). Therefore, we agree with the district court that this claim is without merit and cannot be used to establish defendant's ineffective assistance of appellate counsel claim.

With respect to the jury instruction claim, defendant fails to point to any specific jury instruction that he claims was improper. We must look to the jury instructions "as a whole to determine whether they adequately state the law and provide the jury with an ample understanding of the issues and controlling principles of the law." United States v. Dashney, 117 F.3d 1197, 1201 (10th Cir. 1997). After examining the jury instructions in this case, we agree with the district court that there were no improper jury instructions given and therefore that this claim cannot support an allegation of ineffective assistance of counsel.

Because we find that the omitted issues forming the basis of defendant's ineffective assistance of appellate counsel claim are without merit, this claim fails. Consequently, defendant also has failed to show cause sufficient to excuse his procedural default, and he is therefore not entitled to habeas relief on his defaulted claims.

Defendant's only remaining claim is that he has been denied effective assistance of counsel during his trial. We agree with the district court that defendant has failed to articulate facts sufficient to establish that his trial counsel's performance fell below an objective standard of reasonableness or that his counsel's performance prejudiced his defense. Consequently, defendant cannot prevail on this claim.

For the reasons discussed above, we conclude that the claims raised by defendant in this § 2255 petition fail to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and that defendant is therefore not entitled to a certificate of appealability in this court. The appeal is dismissed.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge