**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 9 1999**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BARRY WHITE,

Defendant-Appellant.

No. 98-1461
(D.C. No. 97-CR-380-S)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mr. White appeals his jury conviction of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924 (1994). We affirm.

At trial, Mr. White's co-defendant, Thomas Horton, testified he was going

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to sell a handgun from his car to Darrell Washington, a confidential informant, in the parking lot of a local restaurant. According to the evidence presented, Mr. Horton was in the driver's seat, Lisa Deboer was in the front passenger seat, and Mr. White was in the back seat of the parked vehicle. Mr. Horton and Mr. Washington both testified that when Mr. Washington approached the vehicle, Mr. White handed Mr. Horton the gun from the back seat.

Defense counsel attempted to impeach Mr. Horton's credibility by eliciting testimony of his planned involvement in bank robberies. On redirect, the prosecution asked Mr. Horton with whom he had planned on robbing banks, to which Mr. Horton responded, Mr. White. Mr. White objected, contending this testimony was entered as evidence of a different crime in order to show his guilt in violation of Fed. R. Evid. 404(b). The government argued Mr. Horton's testimony on redirect was not Rule 404(b) evidence, but was offered to correct a "misimpression" left by defense counsel that Mr. Horton was involved in the bank robbery scheme alone. The district court held that defense counsel had opened the door to this testimony, and it was therefore admissible.

We review a district court ruling on the admissibility of evidence for an abuse of discretion. *See United States v. Bautista*, 145 F.3d 1140, 1151 (10th Cir. 1998). Even if the court erred in admitting evidence, however, we will not reverse the conviction if that error was harmless. *See United States v. Bornfield*,

145 F.3d 1123, 1131 (10th Cir. 1998); Fed. R. Crim. P. 52(a). Assuming without deciding that the district court abused its discretion in allowing Mr. Horton's testimony on redirect, given Mr. Washington's uncontroverted testimony regarding Mr. White's control over the gun, we do not believe this error had a substantial influence on the outcome of this case. *See United States v. Green*, 175 F.3d 822, 833 (10th Cir. 1999); *Bornfield*, 145 F.3d at 1131-32.

Later in the trial, Ms. Deboer testified she did not hear anything about a gun sale, nor did she see the gun transaction occur, despite her presence in the vehicle at all times. The prosecution called Clint Christensen, a friend of Ms. Deboer's, to testify that Ms. Deboer had made a prior inconsistent statement to him regarding her knowledge of the gun sale. Surprising the prosecution, Mr. Christensen testified that Ms. Deboer told him she did not know anything regarding the gun sale. The prosecution then called Agent Thomasson, who had interviewed Mr. Christensen, to testify Mr. Christensen told him during their interview that Ms. Deboer did tell him she knew about the gun sale.

Mr. White challenges the admission of Agent Thomasson's testimony as double hearsay and not impeachment evidence of a prior inconsistent statement admissible under Fed. R. Evid. 607 and 801(d)(1). The record is clear, however, that Agent Thomasson testified only to what Mr. Christensen told him, which was inconsistent with what Mr. Christensen had just testified to in court, and did not

-3-

testify to what Ms. Deboer actually said to Mr. Christensen. Hence, Agent Thomasson's testimony was admissible impeachment evidence under Fed. R. Evid. 607, *see United States v. Johnson*, 977 F.2d 1360, 1381-82 (10th Cir. 1992); *United States v. Carter*, 973 F.2d 1509, 1512 (10th Cir. 1992), and its admission was therefore not an abuse of discretion.

Mr. White also challenges the district court's denial of his motion for a new trial. Mr. White's motion was based on newly discovered evidence that Mr. Horton was conspiring to commit multiple bank robberies which did not include Mr. White. We review the denial of a motion for new trial based on newly discovered evidence for an abuse of discretion. *See United States v. Guiterrez-Hermosillo*, 142 F.3d 1225, 1232 (10th Cir. 1998), *cert. denied*, 119 S.Ct. 230 (1998). Such a motion must be based on more than mere impeachment or cumulative evidence. *See id.; United States v. Sutton*, 767 F.2d 726, 728 (10th Cir. 1985). Mr. White contends the newly discovered evidence against Mr. Horton is character evidence and not impeachment evidence. However, evidence of conspiring to commit bank robbery is not character evidence since such a crime does not go to the person's character for truthfulness or untruthfulness. *See* Fed. R. Evid. 608(b); *United States v. Page*, 808 F.2d 723, 730 (10th Cir. 1987). Since the newly discovered evidence was merely impeaching, the district court did not abuse its discretion in denying Mr. White's motion.

Mr. White finally claims that the prosecution's failure to disclose this information regarding Mr. Horton was a violation of his due process rights as articulated in *Brady v. Maryland*, 373 U.S. 85, 87 (1963). Mr. White failed to bring this challenge before the district court in his motion for new trial,[1] and we do not review issues raised for the first time on appeal. *See United States v. Dixon*, 1 F.3d 1080, 1082 n.2 (10th Cir. 1993), *abrogated on other grounds Florida v. White*, 526 U.S. 559 (1999). *See also Hicks v. Gates Rubber Co.*, 928 F.2d 966, 970 (10th Cir. 1991) (failure to raise issue with trial court precludes review except for the most manifest error). In any event, this evidence would have been cumulative. *See Page*, 808 F.2d at 730 (not a *Brady* violation warranting new trial when withheld evidence was merely cumulative).

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[1] Notwithstanding there was no mention of *Brady* or even due process concerns in either his motion or at the hearing, Mr. White contends he "alluded" to investigating agencies' failure to disclose this evidence, and thus he should not be "faulted for the trial court's failure to properly address the motion for new trial as a *Brady* claim." Reply Br. at 9. The district court is not required to guess at or articulate legal claims for defense counsel. The burden is on the defendant to specifically bring forth all grounds for a motion for new trial. *See* Fed. R. Crim. P. 33; *United States v. Davis*, 15 F.3d 526, 531 (6th Cir.1994).