IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 5, 2008

## GENE BOOKER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County
Nos. 01-13829, -13830, -13831    W. Mark Ward, Judge**

**No. W2007-02481-CCA-R3-PC  -  Filed February 24, 2009**

The petitioner, Gene Booker, appeals the Shelby County Criminal Court's denial of his petition for post-conviction relief.  On appeal, the petitioner argues that he received the ineffective assistance of counsel in that counsel failed to properly preserve the petitioner's severance issue on direct appeal.  After reviewing the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Gregory T. Carman, Memphis, Tennessee, for the appellant, Gene Booker.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William L. Gibbons, District Attorney General; and Scot A. Bearup, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

        The record reflects that following an April 2002 jury trial, the petitioner was convicted of two counts of aggravated robbery, one count of especially aggravated kidnapping, and four counts of felony weapons possession.  State v. Gene Booker, No. W2002-02327-CCA-R3-CD, 2004 WL 2250901, at *5 (Tenn. Crim. App. Feb. 10, 2004); perm. app. denied, (Tenn. Sept. 7, 2004).  The trial court merged the multiple aggravated robbery and weapons possession convictions and sentenced the defendant to an effective sentence of fifty-one years in the Department of Correction.  Id.  This court affirmed the petitioner's convictions on appeal.  Id. at *8.

        In November 2004, the petitioner filed a pro se petition for post-conviction relief.  After the

appointment of counsel, the petitioner filed an amended petition in which he asserted that he received the ineffective assistance of counsel based upon counsel's alleged failure to: (1) file pretrial motions including discovery motions and a motion to suppress the petitioner's statements to police; (2) adequately communicate with and provide discovery to the petitioner; and (3) investigate potential witnesses and theories of the case proposed by the petitioner. The petitioner also alleged that counsel was ineffective at trial for several reasons, including failure to file a motion to sever the indictments against the petitioner, failure to request Jencks material, refusal to question and cross-examine witnesses in the manner suggested by the petitioner, and failure to request certain jury instructions. Finally, the petitioner asserted that counsel was ineffective during the petitioner's sentencing in several respects. On appeal, however, the petitioner limits his argument concerning counsel's supposed ineffectiveness to one issue: his assertion that counsel failed to properly preserve on direct appeal the issue regarding the severance of the petitioner's indictments.

This court addressed the petitioner's severance issue on direct appeal as follows:

> During the trial, the State advised the trial court that it would seek to introduce attested copies of judgments reflecting the appellant's four prior convictions for aggravated assault. Defense counsel objected, arguing that the introduction of the prior convictions would prejudice the appellant. Over defense counsel's objection, the trial court agreed to allow the introduction of the fact of conviction, but refused to allow into evidence the details surrounding the offenses. In so ruling, the trial court noted that the State was required to prove as an element of the offense of being a convicted felon in possession of a handgun that the appellant had prior felony convictions. Moreover, the trial court found that joinder of the offenses was mandatory because the offenses were part of the same criminal episode.

> . . . .

> Nevertheless, the trial court advised the parties that a limiting instruction would be given informing the jurors that the prior convictions were to be considered only for the purpose of proving an element of the offense of being a convicted felon in possession of a handgun or determining the credibility of the appellant should he choose to testify.

> On appeal, the appellant argues that "the trial court erroneously allowed the joinder of the offense of a convicted felon in possession of a handgun during the trial [in violation of] rule 404(b) of the Tennessee Rules of Evidence." Specifically, the appellant asserts that the introduction of [his] prior convictions prejudiced [him] by "persuading" the jury to convict him of aggravated robbery and especially aggravated kidnapping. The State contends that because the offenses arose from the same criminal episode, joinder was mandatory under Rule 8(a) of the Tennessee Rules of Criminal Procedure. The State further contends that by not filing a motion to sever prior to trial, the appellant waived the issue on appeal.

2

Id. (some alterations in original).  However, this court concluded that the petitioner waived the issue for failing to prepare an adequate record on appeal:

> On appeal, the appellant simply states his argument without reference to any pretrial motions or findings by the trial court regarding this issue.  The appellant also failed to specifically raise the severance issue in his motion for new trial, arguing that "the trial court erred in not granting the [appellant's] Motion in Limine."  However, neither the motion in limine nor the transcript of the hearing on the motion for new trial are included in the record on appeal.  The record includes no written motion to sever offenses and no transcript of a hearing on a motion to sever offenses.

Id.  (footnote omitted).

### Evidentiary Hearing Testimony

As relevant to the petitioner's issue on appeal, trial counsel testified that on the day of trial, the State "moved the Court to consolidate the convicted felon possession of a firearm" charges with the other offenses for which the petitioner was being tried.  Counsel recalled that he was "very upset" that the trial court joined the offenses over his objection.  He said that he thought the court's decision "was prejudicial to [the petitioner]."

Counsel noted that the State indicted the petitioner on four separate counts of convicted felon in possession of a handgun, alleging four different prior convictions.  When asked whether he "ask[ed] for a bifurcated trial regarding that convicted felon four-count indictment," counsel replied, "I did request that, and there was some discussion with [the trial court] about that, that it be bifurcated . . . at one point I think [the court] was thinking about it, and then [the court] didn't do it." Counsel admitted, "[I]f it's not in the transcript, then it didn't happen."  When asked if he would have considered stipulating to one of the petitioner's prior convictions "so that the jury would not find out about the [petitioner's] prior record other than that one count," counsel replied, "I don't think the State would have gone along with that.  I would have had to stipulate to . . . all four [convictions] to get around that."  He further testified that he was unsure whether he discussed such a stipulation with the prosecuting attorney.

Counsel testified that in his opinion, he did preserve the severance issue on appeal.  When a copy of this court's opinion in the petitioner's direct appeal was introduced into evidence, counsel explained, "the motion to consolidate wasn't done until the trial, so there wasn't any motion to sever the . . . felon in possession of a handgun, and the other charges, so that would not have been possible to have done it."  Counsel further noted that he thought the State's motion to consolidate "was orally done" and that a transcript of a hearing on the State's motion "should have been" in the record on appeal.

After taking the petition under advisement, the post-conviction court issued an order denying the petition as to all issues.  As relevant to the consolidation issue, which forms the basis for the petitioner's arguments on appeal, the post-conviction court noted:

3

[The record] does not contain the proceedings at trial relating to the consolidation of the indictments. As such, this court's attempt to review this issue without a transcript of the proceedings in the trial court relating to this issue is severely handicapped. As a result, [the] petitioner has failed to carry his burden of proof on this issue.

The petitioner subsequently filed a timely notice of appeal.

ANALYSIS

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockart v. Fretwell, 506 U.S. 364, 368-372, 113 S. Ct. 838, 842-44 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner will only prevail on a claim of ineffective assistance of counsel after satisfying both prongs of the Strickland test. See Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997). The performance prong requires a petitioner raising a claim of ineffectiveness to show that the counsel's representation fell below an objective standard of reasonableness or "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. The prejudice prong requires a petitioner to demonstrate that "there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability means a probability sufficient to undermine confidence in the outcome." Id. Failure to satisfy either prong results in the denial of relief. Id. at 697.

On appeal, the petitioner argues that counsel was ineffective for failing to preserve on direct appeal the issue of whether the trial court's joinder of the felony weapons possession counts with

4

the other counts was proper. The post-conviction court ruled that counsel's failure to preserve the issue on appeal based on his failure to provide an adequate record "was, no doubt, deficient performance," and we agree with this conclusion. However, the petitioner cannot establish by clear and convincing evidence that counsel's failure to preserve the issue prejudiced him.

In addressing the issue of whether counsel's failure to raise an issue on appeal constitutes ineffective assistance of counsel, our supreme court held that "unless the omitted issue has some merit, the petitioner suffers no prejudice from appellate counsel's failure to raise the issue on appeal. When an omitted issue is without merit, the petitioner cannot prevail on an ineffective assistance of counsel claim." Carpenter v. State, 126 S.W.3d 879, 887-88 (Tenn. 2004) (citing United States v. Dixon, 1 F.3d 1080, 1083 (10th Cir. 1993)). Applying this standard to the instant case, we note that the record does not contain adequate information for us to determine whether the trial court properly consolidated the petitioner's felony weapons possession charges with the other offenses for which he was tried. The trial transcript admitted as an exhibit during the post-conviction hearing does not contain any argument regarding the State's consolidation motion. The joinder issue is addressed only briefly in the transcript, within the context of counsel's argument that the introduction of the petitioner's prior convictions was unduly prejudicial under Tennessee Rule of Evidence 404(b). During the exchange between the trial court, trial counsel, and the prosecuting attorney, trial counsel did not argue that the trial court's ruling consolidating the cases was improper. Furthermore, as was the case on direct appeal, the petitioner has not included the motion in limine in which counsel purportedly addressed the consolidation issue or the transcript from the hearing on the motion for new trial in the record on appeal. As such, we cannot determine the merits of the petitioner's joinder/severance issue. Given the limitations of the record, we also cannot determine whether counsel's failure to preserve the issue prejudiced the petitioner. We therefore deny the petitioner relief.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

5