**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 15 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

T. ROBERT HUGHES;
ARCO PROPERTIES, LTD.,

      Defendants - Appellants.

No. 01-5102
(D.C. Nos. 00-CV-1060-C
& 97-CR-98-C)
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **ALDISERT**, Circuit Judge, **OBERDORFER** and **JONES**, District Judges.[**]

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     The Honorable Ruggero J. Aldisert, United States Senior Circuit Judge for the Third Circuit; The Honorable Louis F. Oberdorfer, United States Senior District Court Judge for the District of Columbia; The Honorable Robert E. Jones, United States District Court Judge for the District of Oregon, sitting by designation (all the active and senior circuit judges of this court are recused).

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendants T. Robert Hughes and ARCO Properties, Ltd. appeal the district court's order denying their motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255.  Because defendants fail to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2), the application for a certificate of appealability (COA) is denied and this appeal is dismissed.[1]

Defendants Hughes and ARCO Properties, Ltd., a business trust of which Mr. Hughes was the sole trustee, were each convicted by a jury of conspiracy to defraud the United States under 18 U.S.C. § 371.  Mr. Hughes was sentenced to twenty-four months' imprisonment and three years' supervised release, and was ordered to pay $236,158.03 restitution, jointly and severally with the other defendants.  ARCO Properties was sentenced to three years' probation.  This court affirmed the convictions on direct appeal.  *United States v. Hughes*, 191

---

[1]    Defendants' original brief to this court was well in excess of our page limits.  Upon resubmission of an opening brief in compliance with our rules, defendants, without permission from this court, also submitted a "supplemental brief."  We decline to consider the matters contained in the supplemental brief or to engage in any cross-referencing to the original brief.

F.3d 1317, 1324 (10th Cir. 1999), *cert. denied*, 529 U.S. 1022 (2000).

Defendants then filed a motion for relief under 28 U.S.C. § 2255.

In denying their § 2255 motion, the district court ruled, *inter alia*, that (1) defendants' "newly discovered evidence" argument must fail because the evidence was neither "newly discovered" nor admissible; (2) appellate counsel was not ineffective for failing to argue *Glasser v. United States*, 315 U.S. 60 (1942), and *Wood v. Georgia*, 450 U.S. 261 (1981), on direct appeal because the cases are inapposite; (3) alleged factual errors in this court's opinion on direct appeal were not the responsibility of appellate counsel; (4) correction of such alleged factual errors is not the province of the district court in a § 2255 matter; and (5) the holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Jones v. United States*, 526 U.S. 227 (1999), are irrelevant to defendants' case. The district court thus denied relief and refused to issue a COA. Defendants challenge each of these conclusions on appeal and reapply in this court for a COA.

In order to merit the grant of a COA, defendants must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 483

(2000) (internal quotation omitted). We review the factual findings underlying the denial of a § 2255 motion for clear error and subject the district court's legal conclusions to de novo review. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001), *cert. denied*, 122 S. Ct. 821 (2002). A claim raised and rejected on direct appeal cannot be relitigated in a § 2255 motion. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

Newly Discovered Evidence

In the direct appeal, this court rejected defendants' contention that the evidence demonstrated they had withdrawn from the conspiracy early enough for their convictions to be barred by the statute of limitations. *See Hughes*, 191 F.3d at 1321-22. In their § 2255 motion, defendants argue that newly discovered evidence rebuts this conclusion.

Habeas relief is generally available where newly discovered evidence is uncovered which could not have reasonably been presented to the fact finder. *See United States v. Barboa*, 777 F.3d 1420, 1423 (10th Cir. 1985). We agree with the district court, however, that the evidence advanced here is not "newly discovered."

> In order to qualify as "newly discovered," such evidence
> must be more than impeaching or cumulative; it must be material to
> the issues involved; it must be such that it would probably produce
> an acquittal; and a new trial is not warranted if the new evidence is

such that, with reasonable diligence, it could have been discovered
and produced at the original trial.

*United States v. Hughes*, 33 F.3d 1248, 1253 (10th Cir. 1994) (quotation omitted).

The evidence which defendants allege is newly discovered is an affidavit from a

co-defendant which purportedly establishes that defendants effectively withdrew

from the conspiracy. The affidavit was prepared before trial and was in the

possession of defendants' former pretrial counsel. It was prepared by an attorney

who apparently could have testified at trial. Because this evidence could have

been discovered and produced at trial, it is not newly discovered for purposes of

§ 2255 relief.

Defendants cite *United States v. Ouimette*, 798 F.2d 47 (2d Cir. 1986),

which, under the facts of that case, permitted previously "known" evidence to be

introduced as "newly discovered evidence." *Ouimette*, however, is

distinguishable.

In *Ouimette*, a potential witness had given an exculpatory statement to the

defendant's attorney. The information was, therefore, technically "known." What

was unknown until after trial, however, was the fact that threats made by the

police had rendered the witness functionally unavailable to the defense. Under

those circumstances, the court remanded for a determination of whether a new

trial was required.

Here, defendants knew of the existence of the affidavit, knew that the original was in the possession of their pretrial counsel who had withdrawn from the case, and knew of the existence of the attorney who had drafted the affidavit. There was no factor emanating from some outside third party, unknown to defendants, which prevented the presentation of this evidence. The evidence is, therefore, not newly discovered and cannot form the basis for relief under § 2255. Because of our disposition of this issue, it is unnecessary to address defendants' arguments regarding the possible hearsay nature of the affidavit.

## Factual Errors in Direct Appeal and Intervening Law

Defendants next argue that factual errors in this court's opinion on direct appeal constitute grounds for relief. The district court correctly ruled that righting such alleged errors is not the province of a § 2255 motion and that such matters must be pursued via a motion for rehearing and/or via a petition for certiorari to the Supreme Court. Because defendants were unsuccessful in their efforts to obtain judicial review beyond the direct appeal, the matter is over.

In conjunction with this argument, defendants maintain that two recent Supreme Court opinions, *Apprendi*, 530 U.S. 466, and *Jones*, 526 U.S. 227, have changed the law in this circuit regarding allocation of the burden of proof in conspiracy cases where the defendant attempts to establish a withdrawal defense.

The district court was correct that neither of these cases apply here and do not change the result of this court's opinion on direct appeal.

Aside from the fact that *Apprendi* does not apply to defendants because they were not sentenced in excess of the statutory maximum, *see Apprendi*, 530 U.S. at 490, this court has already held that neither defendant presented any evidence of withdrawal from the conspiracy. *Hughes*, 191 F.3d at 1322. Thus, arguments about the proper allocation of the burden of proof with regard to withdrawal defenses are irrelevant.

Ineffective Assistance of Appellate Counsel

As their final argument, defendants contend they received ineffective assistance of appellate counsel when, on direct appeal, counsel failed to argue three cases dealing with the Sixth Amendment right to counsel: *Wood v. Georgia*, 450 U.S. 261 (1981); *Glasser v. United States*, 315 U.S. 60 (1942); and *United States v. Cook*, 45 F.3d 388 (10th Cir. 1995). We agree with the district court that these cases are inapposite and that their omission from the appellate argument did not constitute ineffective assistance of appellate counsel.

> To establish a claim for ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial. *Strickland* [*v. Washington*], 466 U.S. [668, 687 (1984)]. Counsel's performance is deficient if the representation "falls below an objective standard of reasonableness." *Id*. at 690[]. Prejudice is "a reasonable probability that, but for counsel's unprofessional errors,

-7-

the result of the proceeding would have been different." *Id.* at 694[].
Although *Strickland* set forth standards for determining the
effectiveness of trial counsel, we have applied those same standards
in assessing the effectiveness of appellate counsel. *See, e.g., United
States v. Dixon*, 1 F.3d 1080, 1083 (10th Cir. 1993); *United States v.
Walling,* 982 F.2d 447, 449 (10th Cir. 1992).

When a defendant alleges his appellate counsel rendered
ineffective assistance by failing to raise an issue on appeal, we
examine the merits of the omitted issue. *See Dixon,* 1 F.3d at 1083
(addressing merits of defendant's Fourth Amendment claim which
was omitted on direct appeal).  If the omitted issue is without merit,
counsel's failure to raise it "does not constitute constitutionally
ineffective assistance of counsel." *Id.* at 1084 n.5.

*Cook*, 45 F.3d at 392-93.  In reviewing the district court's decision regarding this

claim, we accept factual findings unless clearly erroneous. *Id.* at 392.  A

determination about whether counsel's representation was deficient, however, or

whether any such deficiency prejudiced defendants is reviewed de novo. *Id.*

Before launching into the analysis, it is helpful to have some factual

background regarding this claim:

All defendants were indicted in July 1997. Hughes secured
counsel for himself and [the] ARCO trust[] in July.  Trial was
originally set for September 8, 1997, but, for various reasons, was
rescheduled for February 23, 1998.

On January 23, 1998, Hughes's attorneys filed a motion to
withdraw as counsel for Hughes and the ARCO trust[]. They cited
several reasons for their motion, including conflicts over their roles
in the litigation, ethical conflicts, and Hughes's failure to abide by
terms of their representation agreement.  They stated that Hughes had
been given reasonable warning that counsel would withdraw unless
the terms of their representation agreement were fulfilled.  Hughes

did not oppose the motion, and the district court granted the motion on February 3.

On February 11, Hughes submitted a memorandum to the court stating that he had contacted substitute counsel and was waiting for this attorney to agree to represent him. The memo also requested that Hughes be allowed to proceed pro se to join any pending motions and to submit points of law related to his and [the] ARCO trust['s] defense. On February 18, Hughes filed a motion to sever or, alternatively, for a continuance. He advised the court that, although he had tried to secure counsel, he had been unable to do so and that the attorney he had contacted had not had sufficient time to review the case to decide whether he would agree to represent Hughes and the ARCO trust[].

The next day, February 19, the district court held a pretrial conference to consider Hughes's motions and other substantive pretrial matters. Hughes informed the court that he had contacted an attorney who had agreed preliminarily to represent him and that Hughes was waiting for a final answer from the attorney, which could come on that day or the next. Hughes then stated, however, that he could be ready to proceed to trial himself as scheduled, depending on how the court ruled on other substantive motions. The court then considered those motions, with Hughes participating and arguing points of law. After ruling in the government's favor on these substantive motions, the court considered Hughes's motion to sever or for a continuance. The court denied the motions and ordered that the trial go forward as scheduled. The court did not conduct a colloquy regarding Hughes's waiver of his right to counsel. Finally, during trial, after the close of the government's case, Hughes again moved for a continuance to secure counsel, which the court denied.

*Hughes*, 191 F.3d at 1320-21 (record citations omitted).

In rejecting defendants' contention that the district court had violated his

Sixth Amendment right to counsel by failing to ensure his voluntary, intelligent,

and knowing waiver of the right, this court concluded that instances of

Mr. Hughes's dilatory conduct demonstrated his voluntary choice to proceed without counsel. *Id.* at 1324. Apparently in response to this conclusion, defendants maintain that, had appellate counsel argued the three cases mentioned above, this court would have found a Sixth Amendment violation. We disagree.[2]

*Woods*, *Glasser*, and *Cook* all deal with situations where the attorney for a criminal defendant is somehow burdened by a conflict of interest which prevents him from providing constitutionally effective representation. In an effort to overcome this factual difference, defendants argue that their pretrial counsel were similarly burdened because they referred to a conflict in their motion to withdraw.[3]

---

[2] To the extent defendants attempt to resurrect the merits of the waiver of counsel issue already decided on direct appeal, we reiterate that such is not within the purview of § 2255. *See Warner*, 23 F.3d at 291.

[3] As reasons to support their motion to withdraw, counsel stated:

> (a) The client, who is an attorney himself, and his attorneys have reached an impasse over their respective roles in this litigation, to the point where the attorneys reasonably believe they cannot provide effective assistance;

> (b) Attorneys for Defendant have reached an ethical conflict between their duty to follow the client's wishes and yet retain the required independent professional judgment mandated by Rule 2.1 Rules of Professional Conduct (hereinafter abbreviated RPC), thus creating the situation envisioned by RPC rule 1.16(a)1, (continued representation will result in a violation of the Rules of Professional Conduct);

> (2) The client has not abided by the terms of the agreement related to the representation, and has been given reasonable warning that

(continued...)

-10-

We hold that the type of conflict identified by defendants' pretrial attorneys does not bring this case within the ambit of *Wood*, *Glasser,* and *Cook.*

In each of those cases, the conflict of interest arose because of some relationship between the defense attorneys involved and an outside third party. In *Wood*, 450 U.S. 261, the conflict occurred because the employer of defendants accused of distributing obscene materials had retained the defendants' counsel and had agreed to pay the defendants' fines. In remanding the case for a determination of the existence and timing of the suggested conflict, the Court noted "the inherent dangers that arise when a criminal defendant is represented by a lawyer hired and paid by a third party, particularly when the third party is the operator of the alleged criminal enterprise." *Id.* at 268-69.

In *Glasser*, 315 U.S. 60, the trial court appointed the attorney for one co-defendant to simultaneously represent another co-defendant after the latter's counsel withdrew. The Court implicitly agreed "that the court's appointment of Stewart as counsel for Kretske embarrassed and inhibited Stewart's conduct of his defense, in that it prevented Stewart from adequately safeguarding Glasser's right

---

[3](...continued)
      counsel will withdraw unless the terms are fulfilled. (RPC, rule
      1.16(b)2)[.])

R. Vol. I tab 35 at 1-2.

to have incompetent evidence excluded and from fully cross-examining the witnesses for the prosecution." *Id.* at 72.

Finally, in *Cook*, 45 F.3d 388, the court had ordered a defense attorney to advise a prosecution witness of the danger to her from refusing to testify against the defendant in contravention of her plea agreement. There we stated that "a defendant's right to counsel free from conflicts of interest is not limited to cases involving joint representation of co-defendants . . . but extends to any situation in which a defendant's counsel owes conflicting duties to that defendant *and some other third person.*" *Id.* at 393 (quotation omitted) (emphasis added).

There is obviously no conflict of interest in this situation of the type envisioned by the above-mentioned cases. Defendants' pretrial counsel were not in a conflict situation with some third party. Whatever conflict existed was between Mr. Hughes and counsel. Defendants' argument that the attorneys were somehow in conflict with themselves or with the Rules of Professional Conduct is meritless. Citation of the three cases to this court on appeal would not have changed the outcome of our decision. *See Strickland*, 466 U.S. at 694. Appellate counsel's representation was therefore not ineffective.[4]

---

[4]     We note, contrary to defendants' assertion, counsel did argue on appeal that Mr. Hughes's status as an attorney should not affect his right to the effective assistance of counsel in a criminal trial.     *See* Aplee. App., tab 129, ex. B-1 at 28.

Because the record in this case conclusively demonstrates that defendants are not entitled to relief, the district court was well within its discretion to deny defendants an evidentiary hearing. *See United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000). Defendants have also failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). The application for a COA is, therefore, denied.

This appeal is DISMISSED.

Entered for the Court

Ruggero J. Aldisert
Senior Circuit Judge