United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-21250
Summary Calendar

_____

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

                        versus

JULIO A. RAMOS,

        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-457-4

_____

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Julio A. Ramos appeals his jury trial convictions of
conspiracy to possess cocaine and marijuana with intent to
distribute and possession of cocaine with intent to distribute.
Ramos contends that he is entitled to reversal because, pursuant to
*Daubert*, the district court rejected his proffer of expert

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

testimony that a voice on an inculpatory audiotape was not that of Ramos.[1]

This court "review[s] the district court's determination of admissibility of expert testimony under *Daubert* for abuse of discretion."[2] If we find an abuse of discretion, we "review the error under the harmless error doctrine, affirming the judgment[] unless the ruling affected substantial rights of the complaining party."[3] A qualified person may testify as an expert "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."[4] *Daubert* holds that Rule 702 imposes a special obligation upon the district court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."[5] The proponent must prove reliability by a preponderance of the evidence.[6]

---

[1] *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

[2] *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002).

[3] *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).

[4] FED. R. EVID. 702.

[5] 509 U.S. at 589.

[6] *Moore v. Ashland Chem. Co.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc).

The district court excluded the testimony of Ramos's expert because Ramos failed to show that it passed muster under Rule 702 and the criteria in *Daubert*.[7]  The district court's decision to exclude the testimony was not based on an erroneous interpretation of Rule 702 or *Daubert*, or on a clearly erroneous assessment of the expert's proposed testimony.  Accordingly, the ruling did not constitute an abuse of discretion.

Assuming *arguendo* that there was error, Ramos still is not entitled to relief because exclusion of the expert's testimony did not affect his substantial rights.  By his expert's testimony, Ramos sought to challenge only the admissibility of one tape that contained his voice; Ramos did not challenge the admissibility of the other tapes that contained his voice or of the tapes that contained voices of other coconspirators talking about Ramos's involvement in the conspiracy.  Without any reliance on the one challenged tape, the Government presented overwhelming evidence of Ramos's guilt.[8]

Ramos also contends, for the first time on appeal, that he is entitled to reversal because he was denied his Sixth Amendment

---

[7] *See* 509 U.S. at 592-95.

[8] *Cf. United States v. Washington*, 44 F.3d 1271, 1283 (5th Cir. 1995) ("[E]ven if admitting any or all of the questioned opinion testimony had been error, reversal would not be required.... [T]he government presented overwhelming evidence establishing Washington's guilt; thus any error that the court may have made in admitting those snippets of opinion was harmless.").

right to present a defense. The Eighth Circuit rejected a similar challenge in *United States v. Bahena* after concluding that the *Daubert* rule is not arbitrary and the application of *Daubert* in that case was not "disproportionate to its purpose, in the sense that it might [have] unreasonably restrict[ed] the defendant's right to present evidence in his own defense."[9] The same is true in Ramos's case. Accordingly, Ramos's Sixth Amendment rights were not violated by the district court's *Daubert* ruling.

AFFIRMED.

---

[9] 223 F.3d 797, 808-10 (8th Cir. 2000).