# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-41142
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TRENT BREWER,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CR-246-12

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Trent Brewer seeks to appeal the 360-month sentence he received after he pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. In his written plea agreement, Brewer waived his right to appeal his sentence on all grounds, except he reserved the right to appeal (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

waiver itself. He argues that the appeal waiver is not enforceable because the Government breached the plea agreement when it recommended at sentencing that Brewer not be given a three-level reduction for acceptance of responsibility.

This court pretermits the issue whether the Government breached the plea agreement and finds that Brewer's challenge to his sentence is unavailing. Given Brewer's use of a cell phone in violation of jail rules, the district court did not clearly err when it denied him a three-level reduction for acceptance of responsibility. *See United States v. Gonzales*, 19 F.3d 982, 983 (5th Cir. 1994); U.S.S.G. § 3E1.1, comment. (n.1(b)). Nor has Brewer rebutted the presumption that his sentence, at the bottom of the guidelines range of imprisonment, is reasonable. *See United States v. Alonzo*, 435 F.2d 551, 554 (5th Cir. 2006).

AFFIRMED.