## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 10, 2012

Lyle W. Cayce
Clerk

No. 12-30236
Summary Calendar

PAUL ROBERTS, JR.,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CV-995

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Paul Roberts, Jr., Louisiana prisoner # 450517, moves for a certificate of appealability (COA) to appeal the district court's denial of his motion to reopen the time to file an appeal from the denial of his 28 U.S.C. § 2254 application challenging his 2005 convictions for second degree murder, attempted second degree murder, possession of a firearm by a convicted felon, and possession with intent to distribute marijuana. A COA is not required to appeal the denial of a Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6) motion. *See Ochoa*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007); *Dunn v. Cockrell*, 302 F.3d 491, 492 (5th Cir. 2002).  Accordingly, Roberts's COA motion is DENIED as unnecessary.

Roberts contends that district court abused its discretion in denying his motion to reopen the time to file an appeal from the denial of his § 2254 application.  Because his motion was filed after this court dismissed his appeal as untimely, *see Roberts v. Cain*, No. 11-31138 (5th Cir. Jan. 4, 2012) (unpublished), this court's prior determination that it lacked jurisdiction to consider the appeal is binding under the law of the case doctrine and should not be revisited here, *see Fuhrman v. Dretke*, 442 F.3d 893, 896-97 (5th Cir. 2006).

Further, Roberts has not shown that the district court abused its discretion in denying his motion.  Because his motion was filed more than 60 days after the entry of judgment, it was untimely for purposes of Rule 4(a)(5).  *See* FED. R. APP. P. 4(a)(5)(A)(i).  Further, although Roberts's motion was filed within 180 days after the entry of judgment, it was filed more than 14 days after November 7, 2011, the date upon which he received notice of the judgment.  Therefore, his motion was also untimely for purposes of Rule 4(a)(6), *see* FED. R. APP. P. 4(a)(6)(B), and the district court was powerless to reopen the time for filing a notice of appeal, *see Resendiz v. Dretke*, 452 F.3d 356, 360 (5th Cir. 2006).  Finally, Roberts has not shown that the district court had a duty to notify him that his notice of appeal was untimely, nor has he shown that the lack of any such notice authorizes an extension of the appeal period.  Accordingly, the district court's order is AFFIRMED.