REVISED FEBRUARY 8, 2013

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals
Fifth Circuit**

**F I L E D**

February 7, 2013

Lyle W. Cayce
Clerk

No. 11-40274

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIE GOUDEAU,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
No. 4:08-CV-271

Before DeMOSS, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

## I.

Willie Goudeau, federal prisoner #13090-078, was sentenced to 292 months in prison on his guilty plea for conspiracy to distribute or possess with intent to distribute 5 grams or more of cocaine and 100 kilograms or more of marijuana. In the plea agreement, Goudeau also admitted to "distributing 151 kilograms of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a mixture or substance containing a detectable amount of cocaine." Additionally, the plea agreement contained the following appeal waiver:

> Except as otherwise provided in this agreement, the Defendant expressly waives the right to appeal his conviction and sentence on all grounds. The Defendant further agrees not to contest his sentence in any post conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. The Defendant, however, reserves the right to appeal a claim of ineffective assistance of counsel that affects the validity of the waiver itself.

The plea agreement was signed by Goudeau and his counsel of record, Keith Brown. Brown and his associate Jason Butscher appeared for Goudeau at rearraignment.

The presentence report (PSR) held Goudeau responsible for the 151 kilograms of cocaine recited in the plea agreement and for 60 pounds of marijuana under the relevant-conduct Guideline and assigned him a base offense level of 38. A leadership role adjustment resulted in a total offense level of 40. That offense level and Goudeau's category I criminal history together produced a guidelines sentencing range of 292 to 365 months. Goudeau filed objections to certain matters set forth in the PSR, although not to the offense level.

In July 2010, Goudeau moved to dismiss Brown as his attorney of record due to an alleged conflict of interest and to have new counsel appointed. He also moved to withdraw his guilty plea, alleging that his attorney had erroneously led him to believe that he would be held responsible for only one fourth of the "additional 150 kilograms as relevant conduct," with the other three co-conspirators each held responsible for one-fourth (or 37.5 kilograms for each of the four co-conspirators). Goudeau alleged further that his guilty plea was consequently not knowing or voluntary.

At the first hearing on Goudeau's motions, Goudeau withdrew his request that Brown be discharged, but the court nevertheless allowed Brown and his

firm to withdraw. The court stated that it would appoint counsel to represent Goudeau, and it continued the hearing on the motion to withdraw the guilty plea until new counsel could prepare for it. When the hearing reconvened, the district court heard testimony from Goudeau regarding the purported misrepresentations of his former counsel. After hearing the testimony, the judge found that Goudeau was not credible, stating "I just feel that under the circumstances that Mr. Goudeau has tried to mislead the Court here today in his responses." The district court denied Goudeau's motion to withdraw his guilty plea and subsequently sentenced him to 292 months of imprisonment.

Goudeau timely appealed his conviction. His appeal brief argued, inter alia, that his guilty plea was unknowing and involuntary because "Mr. Goudeau's attorney advised Mr. Goudeau on numerous occasions that the entire quantity of cocaine would be equally divided between the four Defendants in the conspiracy and that Mr. Goudeau's sentence would not be calculated on the entire amount of the 151 kilograms of cocaine, but instead would be calculated on an amount of 37.75 kilograms of cocaine." The Government moved to dismiss Goudeau's appeal. It argued that the court should enforce the appeal waiver in the plea agreement notwithstanding Goudeau's claim that he was misled about how his admission to distributing 151 kilograms of cocaine would be used at sentencing. This court granted the Government's motion and dismissed the appeal. See United States v. Goudeau, No. 06-41459 (5th Cir. July 20, 2007 order) (unpublished).

In the appeal now before us, Goudeau seeks relief under 28 U.S.C. § 2255, again asserting, among other claims, that his trial counsel gave him false assurances that he would not be held accountable for 151 kilograms of cocaine if he pleaded guilty. In the district court, the Government moved to dismiss Goudeau's claim on the basis that the plea agreement bars Goudeau from seeking postconviction relief. After the Government sought dismissal, Goudeau

moved for summary judgment "on the pleadings" and renewed his request for an evidentiary hearing. With his motion, Goudeau filed an affidavit in which he attested, inter alia, that Butscher assured him at rearraignment that he "would not be exposed to the full amount of the alleged 150 kilograms of cocaine[ ] and that the actual drug amount would be divided during sentencing between all of the co-defendants charged in the conspiracy." He attested further that he entered the plea agreement solely on the basis of that assurance. Additionally, Goudeau attested that after he saw the PSR, he discussed with Brown more than once his wish to withdraw his guilty plea. Brown again reassured Goudeau "that the matter would be under control," but thereafter failed to respond to Goudeau's attempts to reach him.

While noting the motion's assertion that trial counsel had been ineffective for "provid[ing] inaccurate assurances that if [Goudeau] took a plea[ ] he would not be held responsible for the 151 kilograms of cocaine," the Magistrate Judge determined that Goudeau had "thoroughly reviewed all legal and factual aspects of his case with his attorney and [had been] fully satisfied with his legal representation." The Magistrate Judge therefore determined that Goudeau's motion did "not assert a claim of ineffective assistance of counsel that affects the validity of the [postconviction relief] waiver itself" and "present[ed] no issues that were preserved for" adjudication. Consequently, the Magistrate Judge determined that the "waiver bars relief," and he recommended that relief be denied. Goudeau filed timely objections to the recommendation. Later, the Magistrate Judge denied Goudeau's request for an evidentiary hearing.

The district court on de novo review adopted the Magistrate Judge's recommendation and denied Goudeau a certificate of appealability (COA), and entered final judgment dismissing his § 2255 motion. Goudeau appealed timely. This court granted Goudeau a COA in connection with his claims that (a) his plea agreement waiver of the right to seek postconviction relief is inoperative

because his attorney rendered ineffective assistance in connection with the plea agreement by misleading him concerning his sentencing exposure and (b) the district court erred in denying relief on that claim without conducting an evidentiary hearing.

II.

The issue on which this court granted the COA is substantially the same one that Goudeau raised in his direct appeal: that his attorneys allegedly misinformed him that his sentencing would be based on only one-quarter of the 151 kilograms of cocaine he admitted to distributing and, had they not so misinformed him, Goudeau would not have pleaded guilty. We granted the government's motion to dismiss that appeal, which argued only that the appeal waiver barred review. Accordingly, this court has already held that the waiver in Goudeau's plea agreement is enforceable notwithstanding his claims of ineffective assistance of counsel. In that waiver, Goudeau relinquished not only the right to direct review, but to § 2255 collateral review as well.

The decision in Goudeau's direct appeal constitutes law of the case for purposes of his § 2255 action. United States v. Troutman, 16 F.3d 1215, 1994 WL 57398, at *4 (5th Cir. 1994) (unpublished) ("Our prior finding in Troutman's direct appeal constitutes 'law of the case' and forecloses Troutman's current [§ 2255] challenge based on the same claim." (quoting United States v. McCollom, 664 F.2d 56, 59 (5th Cir. 1981)). Accordingly, we may not consider an issue disposed of in his previous appeal at the § 2255 stage. United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986); see also United States v. Rocha, 109 F.3d 225, 229 (5th Cir. 1997). In order for the law-of-the-case doctrine to apply, the issue "need not have been explicitly decided; the doctrine also applies to those issues decided by 'necessary implication.'" Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Am., 272 F.3d 276, 279 (5th Cir. 2001) (quoting In re Felt, 255 F.3d 220, 225 (5th Cir. 2001)); see also Platoro Ltd., Inc. v. Unidentified

Remains of a Vessel, 695 F.2d 893, 898 n.4 (5th Cir. 1983) ("The doctrine of law of the case is not restricted to express rulings of the earlier court.").

While a merits panel "is not bound by a motions panel's denial of a motion to dismiss," In re Grand Jury Subpoena, 190 F.3d 375, 378 n.6 (5th Cir. 1999), we have applied the law-of-the-case doctrine to decisions in which a motions panel grants a motion to dismiss an appeal. See, e.g., Roberts v. Cain, 485 F. App'x 689, 690 (5th Cir. 2012) (holding that dismissal of appeal as untimely was law of the case for merits panel); Penigar v. Bell Helicopter Textron, Inc., 48 F. App'x 104, 2002 WL 31017128, at *1 (5th Cir. 2002) (holding that dismissal for lack of jurisdiction was law of the case such that merits panel was barred from reconsidering issue); Nasco, Inc. v. Calcasieu Television and Radio, Inc., 752 F.2d 157, 158 (5th Cir. 1985) (dismissal on interlocutory appeal on grounds that order appealed was not final was law of the case as to finality of order in later appeal); Williams v. Collins, 728 F.2d 721, 723 (5th Cir. 1984) (dismissal of interlocutory appeal on ground that complaint contained only state law claims was binding on merits panel). Accordingly, we cannot now hold that Goudeau's appeal waiver is inoperative in light of his arguments concerning his attorneys' alleged misrepresentation unless we are presented with different evidence or a change in the law since the earlier decision or we find that the earlier decision "is clearly erroneous and would work a manifest injustice." Gene & Gene, L.L.C. v. BioPay, L.L.C., 624 F.3d 698, 702 (5th Cir. 2010). Because we find that none of these exceptions apply, we AFFIRM the district court's decision enforcing the appeal waiver in Goudeau's plea agreement.

AFFIRMED