# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 27, 2013

No. 11-50140
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CR-805-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

David Rodriguez, proceeding pro se, appeals his jury conviction and life sentence for conspiracy to manufacture methamphetamine and conspiracy to possess and distribute pseudoephedrine, knowing that the chemical would be used to manufacture methamphetamine. He first argues that trial counsel provided ineffective assistance by (a) failing to object to the master jury wheel; (b) presenting a public authority defense before the jury; (c) failing to request a mental evaluation and competency hearing; (d) failing to invoke 28 U.S.C. § 1827

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and obtain an interpreter; and (e) failing to preserve for appeal his claims of sentencing error.

"[T]he general rule in this circuit is that a claim for ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted). Because Rodriguez did not present his ineffective assistance claims in the district court, no record has been developed with respect to the merits of his allegations, and we decline to consider these claims on direct appeal. *See id.*

Rodriguez next argues that the district court erred by failing to conduct a § 1827(d) hearing, sua sponte, to evaluate his ability to hear and comprehend the proceedings. He contends that the court's omission violated his rights to confront his accusers, to assist with his defense, and to have a fair trial. Although Rodriguez argues that the court should have realized that he could not hear, based on the portions of his trial testimony where he indicated that he was having trouble hearing, the instances cited by Rodriguez establish that, once a question was repeated, Rodriguez understood and provided an answer. In light of this and Rodriguez's various appearances before the district court over the course of his criminal proceedings, during which he sought and successfully persuaded the court to dismiss his appointed counsel on two occasions, he has failed to show that the district court committed any error, plain or otherwise, as to this issue. *See United States v. Perez*, 918 F.2d 488, 490-91 (5th Cir. 1990).

Rodriguez also argues that the district court erred by failing to conduct a mental competency hearing, on its own motion pursuant to 18 U.S.C. § 4241, because there was sufficient evidence showing he was not competent to stand trial. Considering Rodriguez's actions both at trial, where he provided lucid responses to the questions presented to him, and during pretrial appearances, Rodriguez has not shown that reasonable cause existed to put the district court

on notice that he was "mentally incompetent to the extent that he [was] unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." § 4241(a); *see also United States v. Messervey*, 317 F.3d 457, 462-63 (5th Cir. 2002); *United States v. Davis*, 61 F.3d 291, 303-04 (5th Cir. 1995). Accordingly, as to this claim, we find no error, plain or otherwise.

Rodriguez next contends that the district court procedurally erred at sentencing by failing to calculate the advisory guidelines range; treating the Sentencing Guidelines as mandatory; presuming that the guidelines range was reasonable; failing to consider the sentencing factors set forth in 18 U.S.C. § 3553(a); and failing adequately to explain its calculation of his base offense level and the amount of pseudoephedrine involved in his offense, as well as the reasons for its sentencing decision. Because Rodriguez raises these arguments for the first time on appeal, our review is for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To prevail, Rodriguez must show a forfeited error that is clear or obvious and affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, we have the discretion to correct the error but will do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Contrary to Rodriguez's assertions, the record shows that the district court calculated the advisory guidelines range. As to Rodriguez's arguments that the district court procedurally erred by treating the Sentencing Guidelines as mandatory and presuming that the guidelines range was reasonable, we find no clear or obvious error.

As to Rodriguez's claim that the district court failed to consider the § 3553(a) sentencing factors, the proceedings imply consideration of these factors. *See United States v. Izaguirre-Losoya*, 219 F.3d 437, 440 (5th Cir. 2000). Specifically, the presentence report, sentencing memoranda, and statements by

counsel and Rodriguez during the sentencing hearing alerted the district court to the nature and circumstances of the instant offense, Rodriguez's history and characteristics, his criminal history, the sentences imposed in the cases of Rodriguez's numerous codefendants, and the dangers to the public that resulted from the instant conspiracy. In light of the foregoing, we find no clear or obvious error. *See id.*

Rodriguez's claim that the district court provided an inadequate explanation of its sentencing decision likewise fails. Even if the district court's explanation of the within-guidelines sentence is considered inadequate, Rodriguez cannot prevail on plain error review because there is no indication that he would have received a lesser sentence if the district court had given a different or more adequate explanation. *See Mondragon-Santiago*, 564 F.3d at 364-65. Because Rodriguez has not shown that the sentencing outcome was affected by any error in the district court's articulated reasoning for the sentence imposed, he has not established reversible plain error. *See id.*

Accordingly, the judgment of the district court is AFFIRMED.