# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50239

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee

v.

DAVID RODRIGUEZ,

　　　　Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas

Before BARKSDALE, CLEMENT, and HAYNES, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

After a jury trial, David Rodriguez was convicted of conspiracy to manufacture methamphetamine and conspiracy to possess and distribute pseudoephedrine. He appealed. Although he was initially represented by counsel, he filed a request to proceed pro se, which was granted by this court. On direct appeal, we affirmed the district court's judgment. *See United States v. Rodriguez*, 521 F. App'x 313 (5th Cir.), *cert. denied*, 134 S. Ct. 126 (2013).

Rodriguez subsequently filed a pro se § 2255 motion, arguing that he did not intelligently waive his right to appellate counsel and seeking a new direct appeal. Adopting the recommendation of the magistrate judge, the district court granted the motion. The district court concluded that, despite

No. 15-50239

Rodriguez's unequivocal request to proceed pro se, he had not knowingly waived his right to counsel on appeal. The district court granted Rodriguez a new appeal.[1] We vacate the district court's § 2255 judgment and dismiss this second direct appeal.

A criminal defendant is not entitled to two appeals. *United States v. Arlt*, 567 F.2d 1295, 1297 (5th Cir. 1978) (per curiam); *see United States v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981) ("Section 2255 may not be used to secure a second direct appeal.").[2] In granting Rodriguez's § 2255 motion and providing him a new appeal, the district court concluded that this court erred in allowing him to proceed pro se.[3] But the magistrate judge's report and recommendation, adopted by the district court, failed to identify any jurisdiction or authority for its review and abrogation of our preceding order, which found that Rodriguez "clearly and unequivocally waived his right to appellate counsel."[4]

---

[1] Notably, on this second appeal, Rodriguez has filed numerous pro se letters raising issues for the court's consideration. There is, however, no constitutional right to hybrid representation on appeal, and we do not consider his pro se arguments. *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996).

[2] This case is unlike *Mack v. Smith*, 659 F.2d 23 (5th Cir. 1981), which granted a defendant leave to file an out-of-time appeal. In *Mack*, we dismissed the initial appeal as untimely, due to the ineffectiveness of counsel, and without a ruling on the merits. *Id.* at 25; *see United States v. West*, 240 U.S. 456, 459 (5th Cir. 2001). Here, we decided the question at issue—the propriety of self-representation on appeal—and the district court is not free to reverse that decision under § 2255.

[3] The district court found that we "must hold a *Faretta* hearing" to determine whether a defendant's waiver is knowing and voluntary. Although *Faretta* hearings are required before waiver of counsel at trial, "[t]he Supreme Court has never held that waivers of counsel at any stage of the proceedings other than trial require such a give-and-take between the accused and someone trying to educate him about counsel's benefits." *Speights v. Frank*, 361 F.3d 962, 964–65 (7th Cir. 2004) ("Just as a simple consent to proceed without counsel suffices during custodial interrogation, so a straightforward assent is enough on appeal."); *see Jean-Paul v. Douma*, 809 F.3d 354, 359 (7th Cir. 2015) (explaining that waiver of counsel on appeal requires only "straightforward assent").

[4] In his first direct appeal, Rodriguez filed, with this court, a lengthy motion to dismiss his appointed counsel and proceed pro se. His appointed counsel also filed a motion to be

No. 15-50239

An error in the reasoning of this court can only be corrected by application to this court in the form of a motion to recall the mandate or a petition for rehearing, or by writ of certiorari to the Supreme Court. *See Goodwin v. Johnson*, 224 F.3d 450, 459 (5th Cir. 2000) ("An individual seeking to avoid the effects of an appellate court's prior decision may bring to that court a motion to recall its mandate."); *United States v. Hughes*, 41 F. App'x 276, 279 (10th Cir. 2002) (finding that the district court correctly ruled that righting alleged errors in the appellate court's opinion on direct appeal "is not the province of a § 2255 motion" and explaining that "such matters must be pursued via a motion for rehearing and/or via a petition for certiorari to the Supreme Court"). In his § 2255 motion, Rodriguez claimed that his waiver of appellate counsel was neither knowing nor voluntary. But we "decided this issue . . . on direct appeal when his conviction was affirmed. It may not be resurrected and urged anew." *McCollom*, 664 F.2d at 59; *see United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013) ("In order for the law-of-the-case doctrine to apply, the issue need not have been explicitly decided; the doctrine also applies to those issues decided by necessary implication." (internal quotation marks omitted)). Neither the district court nor Rodriguez point to any authority that would authorize the district court to grant his motion based on an asserted error in our prior determination that Rodriguez could proceed pro se on appeal.

Because we hold that the district court improperly granted Rodriguez's § 2255 motion, we VACATE the judgment and DISMISS this appeal.

---

dismissed and noted that Rodriguez had made a "clear and informed decision to proceed pro se."

3