# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50380

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2017

Lyle W. Cayce
Clerk

STEPHANIE LYNN BEKENDAM,

Plaintiff-Appellant

v.

TDCJ-CID/PAROLE; UNIVERSITY OF TEXAS MEDICAL BRANCH - GATESVILLE; WITCHITA COUNTY, TEXAS; LORIE DAVIS; DR. WEST; DR. SMITH; ATTORNEY JOHN GILLESPIE; JUDGE BROTHERTON; OFFICER HARPER; OFFICER FNU PIPER; DISPATCHER LONG,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CV-78

Before DENNIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Stephanie Lynn Bekendam, Texas prisoner # 1690396, moves for leave to proceed in forma pauperis (IFP) on appeal. By moving to proceed IFP, Bekendam is challenging the district court's certification that the instant appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Bekendam argues that the district court previously granted her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50380

IFP status in a 42 U.S.C. § 1983 proceeding; she is indigent; her family will not assist her financially; and she is entitled to millions of dollars in damages.

Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). We may dismiss the appeal if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court dismissed Bekendam's § 1983 complaint as frivolous, and, in March 2016, we dismissed her appeal for lack of jurisdiction, as it was not timely filed. To the extent Bekendam is attempting to bring a second appeal of the dismissal of her § 1983 complaint, her appeal is duplicative and thus frivolous. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). To the extent Bekendam is attempting to appeal our earlier order dismissing her untimely appeal, her appeal cannot succeed. "An error in the reasoning of this court can only be corrected by application to this court in the form of a motion to recall the mandate or a petition for rehearing, or by writ of certiorari to the Supreme Court." *United States v. Rodriguez*, 821 F.3d 632, 633 (5th Cir. 2016).

As Bekendam's appeal lacks arguable merit, it is frivolous. *See Howard*, 707 F.2d at 220. Accordingly, Bekendam's motion for leave to proceed IFP and her other outstanding motions are denied, and her appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). The district court's dismissal of Bekendam's § 1983 complaint under § 1915(e)(2) also counted as a strike. *See id.* Bekendam is warned that if she accumulates three strikes, she may not proceed IFP in any civil action or appeal filed while she is

No. 16-50380

incarcerated or detained in any facility unless she is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTIONS  DENIED;  APPEAL  DISMISSED;  SANCTION  WARNING ISSUED.