# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11059

United States Court of Appeals
Fifth Circuit

**FILED**
May 4, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER THOMPSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-382-1

Before SMITH, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

In 2004, Christopher Thompson, federal prisoner # 31221-177, was convicted by a jury of possession of a firearm as a felon, possession of a firearm within a school zone, possession with intent to distribute 50 or more grams of cocaine base, and possession with intent to distribute 50 or more grams of cocaine base within a school zone. The district court imposed concurrent terms of imprisonment of 120 months, 60 months, 324 months, and 324 months.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11059

Thompson appealed, arguing that the evidence was insufficient to support his convictions, and we affirmed his judgment of conviction.

More than a decade later, Thompson filed another notice of appeal, arguing that this court should consider a belated direct appeal because his appellate counsel did not challenge the Sentencing Guidelines' career offender enhancement, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and other post-*Mathis* cases. Thompson sought the district court's leave to appeal in forma pauperis (IFP), and the district court denied his motion, certifying that his appeal was not taken in good faith.

Thompson has filed motions in this court for appointment of counsel and for leave to appeal IFP. By moving for leave to proceed IFP on appeal, Thompson is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into his good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Like all criminal defendants, Thompson "is not entitled to two appeals." *United States v. Rodriguez*, 821 F.3d 632, 633 (5th Cir. 2016). As appellate counsel filed a direct appeal on Thompson's behalf and we decided the merits of the issue raised in that appeal, Thompson is not a candidate for an out-of-time appeal. *See id.* at 633 n.2; *United States v. Tapp*, 491 F.3d 263, 265-66 (5th Cir. 2007).

Thompson has failed to show an error in the district court's certification decision and has not established that he will raise a nonfrivolous issue on appeal. *See Baugh*, 117 F.3d at 202; *Howard*, 707 F.2d at 220. Accordingly, his motions for leave to proceed IFP and for appointment of counsel are

No. 17-11059

DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.