# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41173

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

TRENT BREWER,

Defendant–Appellant.

Appeals from the United States District Court
for the Eastern District of Texas
No. 4:07-CR-246-12

Before SMITH, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Trent Brewer, federal prisoner #24313-077, who pleaded guilty of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41173

conspiracy to possess with intent to distribute cocaine, moves for the appointment of counsel. He purports to have filed a second direct appeal seeking to challenge his career-offender sentencing enhancement.

An indigent defendant in a felony case must be provided counsel on direct appeal as of right. *United States v. Palomo,* 80 F.3d 138, 141 (5th Cir. 1996); 18 U.S.C. § 3006A(a)(1)(A), (c). Brewer, however, already has filed a direct appeal of his conviction and initial sentence. *See United States v. Brewer,* 344 F. App'x 947 (5th Cir. 2009). A defendant "is not entitled to two appeals," and a second appeal from the same conviction is "not properly before this Court." *United States v. Arlt,* 567 F.2d 1295, 1296–97 (5th Cir. 1978); *accord United States v. Rodriguez,* 821 F.3d 632, 633 (5th Cir. 2016). A defendant is entitled to the appointment of counsel only for his first direct appeal. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987).

The motion is DENIED. Because the second appeal is not properly before this court, it is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.