# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60551

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2018

Lyle W. Cayce
Clerk

Plaintiff-Appellee

v.

JAMES EDWARD FRYE, also known as Sealed Defendant #2,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:01-CR-8-2

Before JONES, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

James Edward Frye, federal prisoner # 98362-024, filed a notice of appeal that invokes 18 U.S.C. §§ 3741 and 3742 as bases for review of one or more of his 2005 sentences for conspiracy to commit offenses against the United States, carjacking resulting in death, use of a firearm during and in relation to a crime of violence, and interstate transportation of a stolen motor vehicle. Frye was sentenced to life imprisonment without the possibility of release on the carjacking conviction and to lesser, consecutive sentences on the

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

other convictions.  This court affirmed.  *United States v. Frye*, 489 F.3d 201, 205-14 (5th Cir. 2007).

Frye's instant notice of appeal was filed more than 13 years after entry of judgment, beyond the time periods for appealing and for extending the appeal period.  *See* FED. R. APP. P. 4(b).  Although the time limit for appealing in a criminal case is not jurisdictional, *see United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007), a defendant is not entitled to have his untimeliness disregarded, *see United States v. Leijano-Cruz*, 473 F.3d 571, 574 (5th Cir. 2006).  However, dismissing for other reasons, we pretermit the issue of timeliness.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Because Frye previously appealed his judgment of conviction and lost, the instant appeal is frivolous.  *See Frye*, 489 F.3d at 201, 205-14.  Frye is not entitled to appeal that judgment again.  *See United States v. Rodriguez,* 821 F.3d 632, 633 (5th Cir. 2016).  Thus, his second appeal is "not properly before this Court."  *United States v. Arlt,* 567 F.2d 1295, 1297 (5th Cir. 1978).

And, notwithstanding Frye's notion to the contrary, § 3742 does not provide a jurisdictional basis for relief.  *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994); *see also United States v. Hazlewood*, 526 F.3d 862, 864 (5th Cir. 2008).  Frye is precluded from obtaining § 3742 relief, which applies "only upon direct appeal of a sentence or conviction," as his direct appeal concluded in 2007.  *Early*, 27 F.3d at 142; *see Frye*, 489 F.3d at 201.  His invocation of § 3742 is meaningless and unauthorized.  *See Early*, 27 F.3d at 142.

Accordingly, we DISMISS this appeal.  *See* 5TH CIR. R. 42.2.  Frye's motion to proceed pro se is DENIED.