# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 11, 2020

Lyle W. Cayce
Clerk

No. 20-20351

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JULIO A. RAMOS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:99-CR-457-4

Before STEWART, GRAVES, and HIGGINSON, *Circuit Judges*.
PER CURIAM:*

Julio A. Ramos was convicted by jury verdict of conspiring to possess with intent to distribute in excess of five kilograms of cocaine and in excess of 1,000 kilograms of marijuana; and possession with intent to distribute in excess of five kilograms of cocaine, and aiding and abetting. The district court, in a judgment entered on April 11, 2002, sentenced Ramos to

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20351

concurrent terms of 405 months of imprisonment. Ramos appealed, challenging the exclusion of expert testimony; however, we affirmed the district court's judgment. *See United States v. Ramos*, 71 F. App'x 334, 335-36 (5th Cir. 2003).

In 2020, Ramos filed a second notice of appeal from the April 2002 criminal judgment. He now moves this court for the appointment of counsel.

We may dismiss an appeal when considering an interlocutory motion if the appeal "is frivolous and entirely without merit." 5TH CIR. R. 42.2. Ramos is not entitled to two appeals, and his second appeal from the same convictions is "not properly before this Court." *United States v. Arlt*, 567 F.2d 1295, 1297 (5th Cir. 1978); *accord United States v. Rodriguez*, 821 F.3d 632, 633-34 (5th Cir. 2016). A defendant is entitled to the appointment of counsel only for his first direct appeal. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

In view of the foregoing, Ramos's motion for the appointment of counsel is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.