# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2021

Lyle W. Cayce
Clerk

No. 21-10208

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RONNIE MIKEL BROWN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:14-CR-367-39

Before SMITH, HIGGINSON, and WILLETT, *Circuit Judges.*

PER CURIAM:*

Ronnie Brown pleaded guilty of possessing with intent to distribute methamphetamine and aiding and abetting. He purports to have filed a second direct appeal seeking to challenge the district court's drug quantity calculation at sentencing, and he moves for appointment of substitute counsel, or, in the alternative, leave to proceed *pro se*.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10208

An indigent criminal defendant in a felony case must be provided counsel on direct appeal as of right. *United States v. Palomo*, 80 F.3d 138, 141 (5th Cir. 1996); 18 U.S.C. § 3006A(a)(1)(A), (c). But Brown has already filed a direct appeal from his conviction and sentence, which was dismissed on the government's motion. *See United States v. Brown*, No. 16-11148 (5th Cir. Jan. 9, 2017). A defendant "is not entitled to two appeals," and a second appeal from the same conviction is "not properly before this Court." *United States v. Arlt*, 567 F.2d 1295, 1297 (5th Cir. 1978); *accord United States v. Rodriguez*, 821 F.3d 632, 633 (5th Cir. 2016).

Accordingly, the second appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. Brown's motion for appointment of substitute counsel and his alternative motion for leave to proceed *pro se* are DENIED.