# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 25, 2023

Lyle W. Cayce
Clerk

_____

No. 23-40353
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Frank Edwin Pate,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CR-125-1

_____

Before Clement, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Frank Edwin Pate, federal prisoner # 30430-408, was convicted by a jury of two counts of wire fraud and one count of mail fraud. In an amended judgment issued in May 2016, the district court sentenced Pate to a total of 168 months of imprisonment, three years of supervised release, and $2,829,586.84 restitution. This court granted the Government's motion to

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

dismiss Pate's direct appeal from that judgment. *United States v. Pate*, No. 16-40814 c/w No. 16-41317 (5th Cir. July 5, 2017) (unpublished). Over three years after the entry of the amended judgment, Pate filed a second notice of appeal challenging that same judgment. This court dismissed his appeal as frivolous. *United States v. Pate*, No. 19-40928 (5th Cir. Apr. 2, 2020) (unpublished).

Pate has now filed a third notice of appeal from his amended judgment of conviction and sentence. He has also filed a motion to proceed pro se on appeal.

We may dismiss an appeal during consideration of an interlocutory motion if the appeal "is frivolous and entirely without merit." 5TH CIR. R. 42.2. As noted, Pate has already filed a direct appeal from his amended judgment of conviction and sentence. A defendant "is not entitled to two appeals," and a second appeal from the same conviction is "not properly before this Court." *United States v. Arlt*, 567 F.2d 1295, 1297 (5th Cir. 1978); *accord United States v. Rodriguez*, 821 F.3d 632, 633-34 (5th Cir. 2016). Because Pate's appeal is not properly before this court, it is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Arlt*, 567 F.2d at 1297-98; *see also Rodriguez*, 821 F.3d at 633-34. His motion to proceed pro se on appeal is DENIED.

Pate is WARNED that the filing of another notice of appeal of the 2016 judgment or the filing of any other frivolous, repetitive, or otherwise abusive pleadings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).